**1129 MORELAND vs. COMMON COUNCIL (Detroit), No. 16132; 3 D. L. N., 889. Certiorari to Wayne.**

To compel respondents to declare the office of Mayor of the City of Detroit vacant, by reason of the election of Hon. Hazen S. Pingree, formerly Mayor of said city, to the office of Governor of the State, and to call a special election to fill the vacancy.

Granted March 19, 1897.

Held, that the office of Mayor is a State office within the meaning of Sec. 15 of Art. 5 of the Constitution; that the offices of Mayor of a municipality and Governor of a State are incompatible under the common law rule, and the acceptance by a public officer of an incompatible office creates an immediate vacancy in the first office.

The relator applied to the Circuit Court for the County of Wayne, but that court held that a private citizen showing no special interest in the subject matter and no injury to himself over that which pertains to other citizens, has no right to invoke the aid of the court in an application for a mandamus to redress a public wrong, if such wrong in fact exists.

After the allowance of the writ of certiorari, relator filed in the Supreme Court a petition setting forth that relator had, pending the consideration of the matter in the Circuit Court, applied to the Attorney General to file a petition to the same end, but that officer replied that he did not desire to determine his action on said application until after the Circuit Court had decided the case then pending before it; that after the decision of the Wayne Circuit Court relator again applied to the Attorney General to make such application; that the Attorney General replied that he desired to give said Hazen S. Pingree a hearing, and fixed the date for said hearing; that after the hearing the Attorney General announced that he would not determine the matter until the Supreme Court had decided the case, which had been removed thereto by certiorari.

Petitioner prayed for a writ of mandamus to compel the Attorney General to comply with relator's request.

The Supreme Court, on March 12, 1897, granted a peremptory order as prayed for and the case proceeded as though instituted by the Attorney General.